UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States,

–v–

Christiaan Dewet Spies,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/11/22

5-cr-327 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Defendant Christiaan Dewet Spies filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, his motion is DENIED.

I.   BACKGROUND

In March 2005, Defendant was arrested for his involvement with illegal arms trafficking in various cities, including New York City. The FBI had investigated Spies and others beginning in March 2004 with the aid of a confidential informant, Kelly Davis. After a four-week trial in April 2007, Defendant was convicted of seven counts: conspiracy to traffic in foreign defense articles, in violation of 22 U.S.C. § 2778(b)(1)(A)(ii) and (c) and 18 U.S.C. § 922(a)(4); trafficking in foreign defense articles (or aiding and abetting thereof), in violation of 22 U.S.C. § 2778(b)(1)(A)(ii) and (c); domestic firearms trafficking conspiracy, in violation of 18 U.S.C. § 922(a)(1)(A) and (*o*); firearms trafficking (or aiding and abetting thereof), in violation of 18 U.S.C. § 922(a)(1)(A); interstate firearms trafficking (or aiding and abetting thereof), in violation of 18 U.S.C. § 924(n); illegal transfer and possession of a machine gun (or aiding and abetting thereof), in violation of 18 U.S.C. § 922(*o*); and being an illegal alien in possession of a firearm

1

(or aiding and abetting thereof), in violation of 18 U.S.C. § 922(g)(5). *See* Dkt. No. 50; *see also* Minute Entry, July 24, 2007.

At the April 2009 sentencing, Judge Holwell sentenced Defendant to 20 years' imprisonment. 2009 Sent. Tr. at 35. The court considered the informant's role—in particular, the "intensity of the pressure"—and Defendant's motivation in seeking a green card through the arms trafficking activities. *Id.* at 37. The court also noted that the Defendant's arms-trafficking conduct was "extremely serious" and "deserve[d] a substantial punishment to deter them and others like them from committing similar crimes in the future." *Id.* at 36. In considering these factors and imposing a sentence of 20 years, Judge Holwell departed substantially from the Guidelines sentence of life imprisonment. *Id.* at 36-37.

Defendant's sentence was subsequently vacated "because the district court used the incorrect standard—preponderance of the evidence—in applying two offense level enhancements under the Federal Sentencing Guidelines for the involvement of: (i) 200 or more firearms, under U.S.S.G. § 2K2.1(b)(1)(E); and (ii) a destructive device, under U.S.S.G. § 2K2.1(b)(3)(A)." *United States v. Spies*, 661 F.3d 1158, 1158 (2d Cir. 2011); *see also United States v. Nadirashvili*, 655 F.3d 114 (2d Cir. 2011). On remand in 2013, Judge Duffy sentenced Defendant again to 20 years' imprisonment, substantially departing from the recommended Guidelines sentence of life imprisonment. 2013 Sent. Tr. at 14, 21-22. In doing so, Judge Duffy found "with a reasonable certainty" that the conspiracy included "the transport and possession of portable rockets and rock-propelled grenades" and "that at least 205 firearms were involved in the conspiracy." *Id.* at 11; *see also id.* at 12 (reaffirming reasons for sentence imposed by Judge Holwell).

2

The Second Circuit subsequently affirmed Defendant's conviction and sentence. *United States v. Spies*, 586 F. App'x 777 (2d Cir. 2014). As the Second Circuit noted, "the district court considered the mitigating factors that Spies raised but found that the seriousness of the offenses warranted a sentence capable of deterrence, particularly general deterrence." *Id.* at 780.

As for the instant motion, Defendant submitted his initial request for compassionate release with the BOP in December 2021, which was subsequently denied. Dkt. No. 567 at 2. Defendant filed a *pro se* motion for compassionate release on September 1, 2021. Dkt. No. 559. Counsel for Defendant then requested an extension to file a reply in support of this motion, which this Court granted. Dkt. No. 564. Defense counsel filed a motion on October 28, 2021, Dkt. No. 566, and the Government submitted an opposition on November 22, 2021, Dkt. No. 567.

## II.   DISCUSSION

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). The compassionate-release statute creates one such exception: It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)–(ii). Under the First Step Act, defendants serving their sentence may move the Court for compassionate release after they have exhausted their administrative remedies or thirty days have lapsed from the receipt of a compassionate release request by the warden. *United States v. Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020).

In order for a defendant to be eligible for a reduction of their term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), there must be "extraordinary and compelling reasons" warranting such a reduction. The Second Circuit held that the Sentencing Commission's policy statement §1B1.13 Note 1(D), which instructs that the power to determine what reasons are extraordinary and compelling remains exclusively with the Bureau of Prisons director, is no longer applicable. *See United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). Therefore, this Court may "independently . . . determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling.'" *Id.*

Moreover, presenting an extraordinary and compelling reason for release is only one of the requirements for a reduction in one's prison sentence under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020). The Court must also determine that granting release is consistent with the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements of the Sentencing Commission to determine if release is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). In particular, the Court must consider whether a reduced sentence would still "reflect the seriousness of the offense . . . promote respect for the law . . . provide just punishment for the offense" and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (B).

Defendant argues that, in light of the COVID-19 pandemic, his medical conditions constitute an "extraordinary and compelling reason" for compassionate release. *See generally* Dkt. Nos. 559, 566. The Court concludes that the Defendant has not established the existence of an extraordinary or compelling reason that warrants compassionate release.

Defendant, who is age 50, suffers from high cholesterol and asymptomatic hypothyroidism. *See* Dkt. No. 566 at 4; Dkt. No. 559 at 6.[1] These factors do not constitute an extraordinary or compelling reason for Mr. Spies' release. Thyroid disease is not a condition "included in the list of CDC diseases that make an individual at high risk for severe illness if that individual contracts COVID-19." *United States v. Sattar*, 467 F. Supp. 3d 152, 155-56 (S.D.N.Y. 2020) (denying motion for compassionate release); *see also COVID-19 (Coronavirus Disease):* People with Certain Medical Conditions, CENTERS FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 14, 2021). And while other courts have noted that "high cholesterol can be a risk factor for severe illness resulting from COVID-19 in some situations," Defendant has failed to show that his high cholesterol is a serious problem that cannot be controlled with medical care at FCI Danbury. *See Sattar*, 467 F. Supp. 3d. at 156. The Court notes that Defendant has previously refused drug treatment for his high cholesterol. *See* Dkt. No. 567 at 4-5. Finally, Mr. Spies is not of an age that substantially increases his risk for severe complications from COVID-19. *See COVID-19 (Coronavirus Disease):* People with Certain Medical Conditions, *supra*.

Moreover, while the Court continues to be sensitive to the dangers and hardships posed by the COVID-19 pandemic, the magnitude of these concerns has changed as inmates now have access to an effective vaccine, which Mr. Spies notably declined. *See* Dkt. No. 567 at 5. Courts in this district and elsewhere "have nearly uniformly denied compassionate release sought for medical reasons" when a Defendant refused the COVID-19 vaccine. *United States v. Bush*, No.

---

[1] The Courts notes that Mr. Spies' original *pro se* motion argued his hypothyroidism as a basis for his compassionate release, but his subsequent counseled motion did not raise the condition as a basis for release. *See* Dkt. No. 559 at 6; Dkt. No. 566.

5

17 CR. 611-4 (AT), 2021 WL 3097417, at *2 (S.D.N.Y. July 21, 2021). While this Court is cognizant that health care is a personal choice, a defendant's decision not to receive a highly effective and safe vaccine counsels against a finding that their medical condition warrants a reduction in sentences and "undercuts [a] fear of infection." *Id.*; *see also United States v. Tucker*, No. 15-cr-95 (AJN), 2021 WL 3056293, at *2 (S.D.N.Y. July 20, 2021) (collecting cases). In sum, Defendant has not established that extraordinary circumstances merit the relief he seeks, and his motion must be denied on that basis.

Even assuming Defendant had established extraordinary circumstances, however, the sentencing factors in 18 U.S.C. § 3553(a) would counsel against granting Defendant's requested relief. *See* 18 U.S.C. § 3582(c)(1)(A) (noting that if the court finds extraordinary and compelling reasons warranting relief, it shall consider "the factors set forth in section 3553(a) to the extent they are applicable"). Defendant highlights several factors that he argues warrant his release: his childhood, his post-sentence rehabilitation, that he has completed nearly all of his sentence, and that he will be deported at the completion of his sentence, and thus poses no danger to the public. Dkt. No. 566 at 5-6. The Court particularly commends Mr. Spies' efforts at rehabilitation, but these are only a few of the many factors under § 3553(a) that the Court must consider. As the sentencing courts noted, this was an "extremely serious" offense "deserv[ing] a substantial punishment to deter [the defendants] and others like them from committing similar crimes in the future." 2009 Sent. Tr. at 36-37. On balance, the Court concludes that the § 3553(a) factors— including the need to account for the seriousness of the offense, to promote respect for the law, and to afford adequate deterrence to criminal conduct—counsel against granting Mr. Spies' motion. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

### III.   CONCLUSION

For the reasons stated above, Defendant's motion for compassionate release is DENIED.

This resolves Dkt. Nos. 559 and 566.

SO ORDERED.

Dated:  January 11, 2022
         New York, New York

_____
ALISON J. NATHAN
United States District Judge

7